

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-10-2009

# William Whitaker v. Holy Family Social S

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1886

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"William Whitaker v. Holy Family Social S" (2009). *2009 Decisions*. Paper 1888.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1888

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1886
_____

WILLIAM WHITAKER,

Appellant,

v.

HOLY FAMILY SOCIAL SERVICES

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 06-cv-00610)
District Judge: Honorable Terrence F. McVerry

_____

Submitted Under Third Circuit LAR 34.1(a)
February 5, 2009

Before:   McKEE, JORDAN, and LOURIE*, *Circuit Judges.*

(Filed: February 10, 2009)
_____

OPINION OF THE COURT
_____

_____
    *Honorable Alan D. Lourie, Circuit Judge of the United States Court of Appeals for
the Federal Circuit, sitting by designation.

JORDAN, *Circuit Judge*.

William Whitaker appeals from a grant of summary judgment in favor of Holy Family Social Services ("Holy Family") on Whitaker's claims that Holy Family violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA") by terminating him because he is African-American. The District Court granted summary judgment for Holy Family because it determined that Holy Family had a legitimate, non-discriminatory reason for Whitaker's termination and that Whitaker had failed to present any evidence to show that the reason was pretextual. We agree with the District Court that Whitaker has failed to establish the existence of a disputed material fact with respect to Holy Family's proffered motivation to terminate him, and therefore we will affirm.

I.    Discussion

Because we write primarily for the benefit of the parties, it is unnecessary to recite the factual or procedural background. The District Court's thorough and well-reasoned opinion explains why Holy Family is entitled to summary judgment pursuant to the familiar burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Whitaker v. Holy Family Social Services*, 2008 WL 553769 (W.D. Pa. Feb. 27, 2008). As the District Court held, although Whitaker established a *prima facie* case of disparate treatment, he failed to present any evidence that his employment was terminated for reasons other than his excessive use of physical force toward a residential

2

client. *Id.* at *8-9.[1] We only elaborate further so as to address two points Whitaker presses on appeal.

Whitaker alleges that Holy Family relied on an admission that he never made—that he headbutted the resident—in making its termination decision. Whitaker, however, now admits that he "accidentally" bumped heads with the resident. (App. 209-10 ¶ 64, 239 ¶ 17.) That admitted physical contact, when coupled with Whitaker's use of a physical restraint, which was also reported to Holy Family and which Whitaker does not dispute, is consistent with Holy Family's stated rationale. Thus, Whitaker's allegation fails to permit the inference that his excessive use of physical force was a fabricated reason for his termination. *See Atkinson v. LaFayette College*, 460 F.3d 447, 454 (3d Cir. 2006) ("[T]he nonmoving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could rationally find them unworthy of credence." (citation omitted)).

Whitaker relies heavily on a similarly situated white employee who was not terminated following a physical confrontation with a client. Evidence of the more favorable treatment of a single member of a non-protected group, however, "can not be

---

[1]The District Court held, and Whitaker does not dispute, that the disposition of Whitaker's Title VII claim applies equally to his PHRA claims. *Whitaker*, 2008 WL 553769, at *5 n.2; *see Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996) ("[C]ourts ... generally interpret the PHRA in accord with its federal counterparts."). We will therefore do the same.

viewed in a vacuum." *Simpson v. Kay Jewelers, Div.*, 142 F.3d 639, 645 (3d Cir. 1998). We conclude that Whitaker's use of a single comparator is insufficient to cast doubt on Holy Family's otherwise satisfactory explanation for his termination.

II.     Conclusion

For the foregoing reasons, we will affirm the District Court's grant of summary judgment in favor of Holy Family. The parties' joint motion to seal volumes III and IV of the appendix is granted.